**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IAN ANDERSON,

              Petitioner,

    v.

WARDEN KNIGHT,

              Respondent.

Civil Action
No. 22-7050 (CPO)


**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey.  He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated in this Opinion, the Court will dismiss the Petition as moot, and alternatively deny the Petition on the merits.

## I.       BACKGROUND

This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's earned time credits ("ETC") under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq. See generally* 18 U.S.C. § 3632.  Petitioner alleges that he has earned approximately 730 days of ETC towards early transfer to supervised release, which would entitle him to immediate transfer to a residential reentry center. (ECF No. 1-1, at 8.)  According to Petitioner, the BOP has refused to provide him with an unspecified number of these ETCs towards early supervised release. (*Id.* at 1; ECF No. 1-2, at 11.)  He alleges that this is due to a BOP policy that stops applying ETCs when inmates are eighteen months away from their release date. (ECF No. 1-1, at 1; ECF No. 1-2, at 11.)

In his Petition, Petitioner admits that he has not exhausted his administrative remedies. (ECF No. 1, at 2; ECF No. 1-1, at 9–15.)  On December 6, 2022, Petitioner filed the instant Petition

under 28 U.S.C. § 2241, challenging the BOP's application of his ETCs. (ECF No. 1.)  Respondent

filed an Answer opposing relief, (ECF No. 4), and Petitioner filed a Reply, (ECF No. 6).

## II.    STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted

by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas

petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v.*

*Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening

stage, the court "must review the answer, any transcripts and records . . . to determine whether"

the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases

in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)).

"Whether to order a hearing is within the sound discretion of the trial court," and depends on

whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v.*

*Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J.

1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir.

1996).

## III.    DISCUSSION

As mentioned above, Petitioner contends that the BOP refuses to provide him with an

unspecified number of days[1] of ETC towards early transfer to supervised release. (ECF No. 1, at

2, 6; ECF No. 1-1, at 1; ECF No. 1-2, at 11.)  Petitioner alleges that the BOP enacted a policy that

stops applying ETCs when inmates are eighteen months away from their release date. (ECF No.

1-1, at 1; ECF No. 1-2, at 11.)  Petitioner argues that if he received the additional credits towards

---

[1] Petitioner alleges that he is entitled to approximately 730 days in total but does not specify whether the BOP has refused to provide the entire 730 days, or some smaller portion thereof. (*See generally* ECF Nos. 1, 1-1.)

early supervised release, it would reduce his sentence such that he would be entitled to immediate transfer to a residential reentry center ("RRC"). (ECF No. 1-1, at 1.)  Petitioner, however, cites only to a legal newsletter as the source for the BOP policy, and merely assumes that the policy exists and that the BOP has in fact applied that policy to him personally. (ECF No. 1-1, at 1, ECF No. 1-2, at 11; *see generally* ECF No. 1-1.)

In his Answer, Respondent states that the BOP has not applied the eighteen-month policy to Petitioner, and that the policy has no effect on Petitioner's ETCs.  (ECF No. 4, at 7, 9–13; ECF No. 4-2, at 2–4, 9.)  Rather, the BOP maintains that it intends to apply the maximum amount of ETCs to Petitioner's sentence. (ECF No. 4, at 7 ("Had he pursued [his] administrative remedies, as required, Anderson would have learned that [the] BOP expects to apply the maximum ETC available under the First Step Act to his sentence.").)

Under the First Step Act, "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i); 28 C.F.R. § 523.42(c)(1).  "A prisoner determined by [the BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days[.]" 18 U.S.C. § 3632(d)(4)(A)(ii); 28 C.F.R. § 523.42(c)(2).  The BOP may apply these ETCs "toward[s] time in prerelease custody," such as a RRC or home confinement, or early transfer to supervised release, *i.e.*, early satisfaction of an inmate's term of imprisonment. 18 U.S.C. §§ 3632(d)(4)(C), 3624(g); 28 C.F.R. § 523.44(a)(1).

More specifically, if a prisoner's sentence included a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under [18 U.S.C. §] 3632." 18 U.S.C.

3

§ 3624(g)(3) (emphasis added); *Moody v. Gubbiotti*, No. 21-12004, 2022 WL 4976308, at *7 (D.N.J. Oct. 3, 2022) (discussing the maximum amount of credits applicable towards early supervised release).  In essence, applying ETCs in this manner will reduce an inmate's time spent in BOP custody.  On the other hand, as to prerelease custody, federal law allows the BOP to place inmates in a RRC for up to 12 months, or home confinement for up to 6 months, prior to their date of transfer to supervised release. 18 U.S.C. § 3624(c)(1)–(2).

With those statutes in mind, Respondent provides the declaration of a BOP case manager and Petitioner's FSA time credit assessment. (ECF No. 4-2, at 3, 9.)  These documents confirm that Petitioner has already received the maximum amount of ETCs, 365 days, towards early supervised release. (ECF No. 4-2, at 3, 9.); *see* 18 U.S.C. § 3624(g)(3).  As a result, the BOP refused to provide Petitioner with additional days towards early supervised release because he had already received the statutory maximum, not because of the alleged policy that stops applying ETCs when inmates are eighteen months away from their release date. (ECF No. 4-2, at 2–4, 9.)

In light of this new information, the Court finds that the Petition is now moot.  Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313.  If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).  Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the respondent.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

As discussed above, the challenged eighteen-month policy had no effect, and has no effect, on Petitioner's ETC application.  Consequently, even if the Court concluded that the BOP's eighteen-month policy violated the First Step Act, that ruling would have no effect, constitutional or otherwise, on Petitioner.  To proceed in this case, would be to ask the Court to assume a hypothetical set of facts, where the eighteen-month policy had impacted, and could impact, Petitioner's rights.  Accordingly, there is no live controversy, and the Petition is moot. Additionally, because Petitioner has already received the statutory maximum number of credits towards early supervised release, the Court would alternatively deny the Petition on the merits. 18 U.S.C. § 3624(g)(3).

In his Reply, it appears that Petitioner has now realized that the eighteen-month policy has no effect on his sentence. (*See* ECF No. 6 (declining to address the eighteen-month policy throughout the Reply).)  Instead, Petitioner raises a new claim, challenging the BOP's decision that it could not refer him to a RRC until after the resolution of an outstanding state warrant against him. (ECF 6 at 8-9; *see* ECF 4-2, at 3.)  In his Answer, Respondent explained that any delay in Petitioner's RRC placement was due to the outstanding warrant, rather than the alleged eighteen-month policy. (ECF No. 4, at 6–7; ECF 4-2, at 3.)

Petitioner, however, cannot raise new claims for the first time in a reply. *See, e.g.*, *McNeil v. Johnson*, No. 18-10003, 2019 WL 3805118, at *1 (D.N.J. Aug. 12, 2019); *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015); *Soto v. United States*, No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005), *aff'd*, 313 F. App'x 496 (3d Cir. 2008).  Accordingly, the Court declines to decide this issue.  If Petitioner wishes to challenge the BOP's decision regarding his RRC placement and the outstanding warrant, he must file a new petition under a new docket number, after exhausting his administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627,

5

634 (3d Cir. 2000) (explaining that a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition as moot and will alternatively deny the Petition on the merits.  An appropriate Order follows.

DATED:  August 21, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**